[Cite as *Adams v. Ohio Dept. of Transp.*, 2010-Ohio-2035.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CONNIE ADAMS

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-08659-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}   Plaintiff, Connie Adams, filed this action against defendant, Department of Transportation (ODOT), alleging her 2006 Chrysler PT Cruiser was damaged as a proximate cause of negligence on the part of ODOT in failing to adequately mark a concrete barrier at the entrance of James Street from Maple Avenue (State Route 60) in Zanesville.  Plaintiff recalled she was traveling on Maple Avenue on October 17, 2009 at approximately 12:00 noon and as she approached James Street she moved into the turning lane (located in the center of the north south lanes of Maple Avenue) with the intent to turn left onto James Street.  Plaintiff pointed out she stopped in the turning lane on Maple Avenue waiting for traffic to clear so she could make a safe turn onto James Street.  According to plaintiff, when the oncoming traffic on Maple Avenue cleared she "turned left and hit a concrete barrier at the west end of James St."  Plaintiff noted her vehicle "went on top of the barrier."   From photographs submitted by defendant it appears the barrier is perhaps four to six inches in height, approximately four to six feet in length and located in the center of the entrance to James Street.  After backing her PT Cruiser off the barrier, plaintiff drove into a nearby parking lot to examine the vehicle

for damage. Plaintiff related the front end of the PT Cruiser "was very badly (torn) up (and) the anti-freeze was pouring out from underneath." Plaintiff insisted the barrier was not marked and there were no signs to advise motorists of the presence of the barrier. Plaintiff explained "[t]here were no markers on the barrier where I could have possibly seen it in the road, also there were no signs stating no left turn" from Maple Avenue onto James Street. Plaintiff stated "[o]n the evening of October 17, 2009 my husband drove his truck to the scene of the accident and said there were black marks on the concrete barrier where other people had also hit it." Plaintiff pointed out she subsequently on October 19, 2009, viewed a news report from a local television station showing the barrier on James Street with "2 tall markers on it."

{¶ 2} Plaintiff asserted the damage to her vehicle was proximately caused by negligence on the part of defendant in failing to adequately mark and advise motorists of the presence of a concrete barrier erected at the intersection of Maple Avenue and James Street. Plaintiff contended defendant failed to take any action to mark the barrier even after being notified of several traffic incidents prior to October 17, 2009. Plaintiff maintained City of Zanesville personnel "put up markers (on the barrier) because ODOT refused to" take any action in regard to making the barrier more visible to motorists. Plaintiff filed this complaint requesting damage recovery of $2,724.86, the total cost of automotive repair resulting from the October 17, 2009 incident. In her complaint plaintiff acknowledged she carries insurance coverage with a $500.00 deductible provision and received $2,224.86 from her insurer to cover automotive repair expenses. Plaintiff submitted a copy of a check from her insurer in the amount of $2,224.86. Pursuant to the provisions of R.C. 2743.02(D),[1] plaintiff's damage claim is limited to $500.00. The filing fee was paid.

{¶ 3} In her complaint, plaintiff listed two witnesses "to the injury, damage, or loss" occurrence identified as Jodi Moody and Mitzi Shook. Plaintiff submitted written statements from both Jodi Moody and Mitzi Shook. After reviewing both statements, the trier of fact finds no recorded notations in either statement would lead to the inference

---

[1] R.C. 2743.02(D) states:

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section

that either Moody or Shook was an eyewitness to plaintiff's October 17, 2009 property damage event. Neither Moody or Shook asserted they actually saw plaintiff damage her car on October 17, 2009.

{¶ 4} Defendant explained the area of State Route 60 where plaintiff's damage incident occurred was located within a working construction project zone under the control of ODOT contractor, Perram Electric, Inc. (Perram). Defendant related the particular "project dealt with improving SR 60 in accordance with plans and specifications by numerous signal upgrades, signing upgrades and access management in the City of Zanesville in Muskingum County." Defendant asserted Perram, by contractual agreement, was responsible for any "occurrences or mishaps" within the construction zone. Therefore, ODOT argued that Perram is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe

apply under those circumstances."

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 7} Defendant advised that ODOT "records indicate the concrete median in question was installed on October 1, 2009." Defendant's "Daily Diary Report" (copy submitted) for October 1, 2009 compiled by ODOT Project Engineer, Lance Zimmerman, bears the notation: "Framed and poured island (concrete median) at Taco Bell early before they opened. Also did James St." The "Daily Diary Report" (copy submitted) for October 5, 2009, also compiled by Lance Zimmerman, contains the following entry: "Got a call from COZ (City of Zanesville) engineer (Chip Saunders) describing 3 traffic accidents at James St. on Friday night (October 2, 2009). He (Saunders) wanted to know if ODOT could/would add more visibility to the island installed there. Told Chip that ODOT will put transverse lines in the turning lane and paint the curb of all the islands yellow. ODOT will also paint transverse lines at Taco Bell." According to defendant, all of the work proposed to make the concrete median islands on State Route 60 more visible "was done on October 5, 2009." Defendant contended plaintiff has failed to produce evidence to establish her property damage was attributable to any conduct on either the part of ODOT or Perram.

{¶ 8} Defendant submitted photographs depicting the yellow painted transverse lines in the turning lane on State Route 60 and the yellow painted base of the concrete median island at the entrance to James Street. Defendant reiterated that all the painting shown in the photographs was completed on October 5, 2009, twelve days

before plaintiff's October 17, 209 damage occurrence. Defendant pointed out the submitted photographs "show yellow poles in the island," but acknowledged the poles were not installed until after plaintiff's incident. Defendant explained the traverse lines were painted and the concrete island was installed "to keep traffic moving on SR 60 and not have it backed up because of left turns into a business." Defendant contended ODOT exercised ordinary care to keep the roadway reasonably safe by painting the concrete island at James on SR 60 on October 5, 2009. Defendant further contended plaintiff failed to prove her car was damaged as a result of ODOT breaching any duty of care owed to the traveling public in regard to roadway maintenance.

{¶ 9} Plaintiff filed a response contending the damage to her car was proximately caused by negligence on the part of ODOT personnel in failing to adequately inspect the roadway and providing reasonable safety precautions to advise motorists of the presence of the concrete median island. Plaintiff further contended the measures taken; painting yellow transverse lines in the turning lane on Maple Avenue and painting the base of the median island at James Street, were insufficient to advise motorists of the obstacle presented by the median island. Plaintiff recalled she did not notice the transverse lines when she drove into the turning lane on Maple Avenue. Plaintiff suggested, "[i]f the transverse lines had been painted white they would have caught my eye." Plaintiff also suggested ODOT should have had a "no left turn" sign installed on State Route 60 at James Street. Plaintiff pointed out other motorists continue to turn left from State Route 60 onto James Street and running over the concrete median island knocking down the poles on the island. Plaintiff argued "ODOT is negligent through the irresponsibility of their inspectors by not resolving this traffic hazard." Plaintiff noted she had traveled State Route 60 and made many left turns onto James Street prior to October 17, 2009. According to plaintiff, when her damage incident occurred she was "concentrating on a safe time to turn, not looking at the pavement underneath me to look for yellow transverse lines." Plaintiff recalled she "glanced over to see if there were any cars on James St. so I would not hit them." Plaintiff denied seeing the concrete median island at the entrance to James Street and related "[m]y eyes were not looking down to look for a concrete barrier in the street that sits so low to the ground that it is not visible." Plaintiff asserted ODOT was negligent in not sufficiently marking the concrete median island and "not putting up proper signage

to state that there are no left turns from Maple Ave onto James St. driving from the south." Plaintiff asserted the measures taken by defendant, painting traverse lines on State Route 60 and painting the base of the median island, were insufficient to prevent her property damage event.

{¶ 10} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 11} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained properly under ODOT specifications. Plaintiff failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600. In fact, the sole cause of plaintiff's damage was her own negligent driving. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129. Plaintiff has not proven defendant maintained a hidden roadway defect. See *Sweney v. Ohio Dept. of Transp., Dist 8*, Ct. of Cl. No. 2009-03649-AD, 2009-Ohio-6294. The photographic evidence submitted establishes the concrete median island plaintiff's vehicle struck was highly visible and well marked with paint. Consequently, plaintiff's claim is denied.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CONNIE ADAMS

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-08659-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Connie Adams
1099 Hideaway Lane
Zanesville, Ohio 43701

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
1/14
Filed 1/27/10
Sent to S.C. reporter 5/7/10