[Cite as *Young v. Ohio Dept. of Transp.*, 2010-Ohio-4220.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAY V. YOUNG

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-01484-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION


{¶ 1} Plaintiff, Jay V. Young, filed this action against defendant, Department of Transportation (ODOT), alleging that his 1996 Dodge Stratus was substantially damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition in a roadway construction area on US Route 40 in the City of Springfield. Specifically, plaintiff claimed that his car "bottomed out" while traveling at the intersection of Western and Columbia in Springfield at a particular area where the roadway pavement had been milled in preparation for repaving. According to plaintiff, his 1996 Dodge Stratus "bottomed out" when the vehicle traveled across the transition area where the milled roadway abutted existing pavement on both sides of the intersection. It was noted that the air bags on the vehicle deployed breaking the left front window and the motor was destroyed as well as the oil pan when the car "bottomed out." Plaintiff submitted a statement from his son, Jordan Young, who was driving the car at the time of the related damage incident. Jordan Young recalled that the incident occurred on October 11, 2009 between 12: 45 a.m. and 1:00 a.m. Plaintiff seeks recovery of damages in the amount of $2,473.30, the complete stated cost of

automotive repair and towing expense. Plaintiff submitted documentation showing his car was towed on three occasions, October 11, 2009, November 9, 2009, and November 24, 2009. Plaintiff also submitted an "Auto Repair Order" dated January 12, 2010 estimating the total repair cost for his vehicle at $2,245.25. The filing fee was paid.

{¶ 2} Jordan Young, the driver of the 1996 Dodge Stratus on October 11, 2009, provided the following narrative description of his recollection of the damage incident:

{¶ 3} "I was driving down N Western Avenue and when I got to the intersection of Western and Columbia (US Route 40) my air bags deployed as I was going through the intersection and I put on my (brakes) and pushed my air bags down. When I was coming through the light the road (went) from smooth to rough, there was about a 3 to 4 inch drop in the start of the intersection. The road was under construction and there were no visible warning signs. I went through the light on Western and North Street and made a quick right into the Marathon gas station. I got out and my driver's side window was shattered because the air bag hit it. I got down and lay in the front of my car and something was leaking oil. I stood up and my friend drove by and he took me to the [S]peedway down the road to get a quart of oil. I went back down and added the oil and tried to make it home. I got as far as Snyder Park and Plum Street and my car stopped. I tried to put more il in it at that point and it just leak right out. So I rolled the car back off to the side of the road and parked it, then I walked home."

{¶ 4} Plaintiff also submitted a statement from Ryan Smith, who was a passenger in the 196 Dodge Stratus on October 11, 2009. Smith wrote:

{¶ 5} "We went through the light and the road went from smooth to (rough) and then after we went under the light the road went from (rough) to smooth and that is when the airbags deployed and the driver's side window shattered. We stopped in the middle of the road and pushed the airbags down then we went to the gas station and (got) oil because we saw a leak. We added oil and started home. The car stopped at Plum and Snyder Park and we had to roll it back in park it. There were no sign of construction or cones or anything like that."

{¶ 6} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within the limits of a working construction project under the control of ODOT contractor, A & B Asphalt Corporation. Defendant explained that the

particular project "dealt with mill and fill for multiple intersections of US 40 in Clark County." Defendant asserted that A & B Asphalt Corporation, by contractual agreement, was responsible for any roadway damage occurrence mishaps within the construction zone. Therefore, defendant argued A & B Asphalt Corporation is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 7} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately cause by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 8} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligence acts of an

independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 9} Alternatively, defendant argued that neither ODOT nor A & B Asphalt Corporation had any knowledge "of the pavement on US 40 prior to plaintiff's incident." Defendant reported that the particular incident was stated to have occurred at milepost 11.97 on US Route 40 which is within the construction project limits and has an average daily traffic volume between 10,300 and 12,1470. Defendant related that ODOT "records indicate that no calls or complaints were received at the Clark County Garage regarding the pavement" at milepost 11.97 prior to the incident in question despite the fact that daily traffic volume exceeds 10,000 vehicles. Defendant contended that plaintiff failed to produce evidence establishing that his property damage was attributable to any conduct on either the part of ODOT or A & B Asphalt Corporation. Defendant argued that plaintiff did not offer sufficient evidence to prove his damage was caused by negligent roadway maintenance.

{¶ 10} Defendant submitted copies of the "Daily Diary Report" chronicling work performed by A & B Asphalt Corporation on the project in reference to roadway milling operations. Defendant pointed out that roadway milling was last conducted prior to plaintiff's damage incident on October 7, 2009 and did not resume due to inclement weather conditions. The submitted "Daily Diary Report" for October 7, 2009 recorded that roadway milling was performed to a depth of 1.75" from the intact roadway surface. Furthermore, defendant submitted a copy of an e-mail from ODOT Project Engineer, Mark A. Stanley, who "performed a field review" of the construction project area. Stanley confirmed that milling done at the intersection in question was of no greater depth than 1.75". Also Stanley noted that "[t]here was not any manholes adjusted at this intersection, and we only milled 1.75" maximum." Defendant specifically denied that the roadway was milled at any area to a depth of 3-4" as asserted by Jordan Young.

{¶ 11} Plaintiff filed a response arguing that defendant's investigation report

should be stricken as untimely filed and judgment should be rendered in his favor based on the pleadings. Plaintiff asserted that defendant did not comply with local rules by filing the investigation report within sixty days of receipt of the complaint. The court finds that the investigation report was filed within the sixty day time frame required by local rules. The investigation report shall not be stricken and plaintiff's request for judgment on the pleadings is denied.

{¶ 12} Plaintiff reasserted that the damage to his car was proximately caused by negligence on the part of ODOT and A & B Asphalt Corporation in maintaining a hazardous roadway condition at the intersection in question. Plaintiff did not provide any demonstrative evidence depicting the condition of the milled intersection on or about October 11, 2009.

{¶ 13} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the incident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to his vehicle was directly caused by construction activity of ODOT's contractor prior to October 11, 2009. Plaintiff has not submitted evidence to show that the milled roadway surface was particularly dangerous or deviated from the exiting pavement conditions by as much as four inches.

{¶ 14} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. This court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find Jordan Young's description of the damage incident to be persuasive.

{¶ 15} Defendant may bear liability if it can be established if some act or

omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 16} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained properly under ODOT specifications. Plaintiff failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 17} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d at 729, 588 N.E. 2d 864. In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition. See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190. Evidence has shown that the repavement project complied with ODOT specifications. Plaintiff has not provided evidence to prove that the roadway area was particular defective or hazardous to motorists. *Reed v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615. Plaintiff has failed to provide sufficient evidence to prove that defendant was negligent in failing to redesign or

reconstruct the roadway repavement procedure considering plaintiff's incident appears to be the sole incident at this area. See *Koon v. Hoskins* (Nov. 2, 1993), Franklin App. No. 93AP-642; also, *Cherok v. Dept. of Transp., Dist. 4,* Ct. of Cl. No. 2006-01050-AD, 2006-Ohio-7168.

{¶ 18} It appears that the cause of the property damage claimed was the negligent driving of Jordan Young. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129. Plaintiff has not proven defendant maintained a hidden roadway defect. See *Sweney v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2009-03649-AD, 2009-Ohio-6294.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


JAY V. YOUNG

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-01484-AD

Clerk Miles C. Durfey


ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk


Entry cc:

Jay V. Young                          Jolene M. Molitoris, Director
1711 Miracle Mile                     Department of Transportation
Springfield, Ohio  45503              1980 West Broad Street
                                      Columbus, Ohio  43223
RDK/laa
4/26
Filed 5/5/10
Sent to S.C. reporter 9/2/10