[Cite as *Van Dyke v. Ohio Dept. of Transp.*, 2011-Ohio-1118.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KURT J. VAN DYKE

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2010-09248-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Kurt J. Van Dyke, filed this action against defendant, Department of Transportation (ODOT), contending his 2005 Jaguar S-Type was damaged as a proximate cause of negligence on the part of ODOT personnel in conducting roadway maintenance activity on State Route 605 in Franklin County on May 19, 2010. In his complaint, plaintiff provided his own narrative description of the May 19, 2010 damage event which he recalled occurred on State Route 65 South near "the intersection of Route-605 and Bevelheimer" (Bevelhymer Road). Plaintiff pointed out as he approached the intersection of State Route 605 and Bevelhymer Road he noticed traffic ahead slowing and he decelerated his car to "approx 10 mph." According to plaintiff, as he passed the intersection he drove into the northbound lane of State Route 605 and "[i]t was at this time I noted a road crew (ODOT personnel) dropping cones on foot with a pickup truck keeping pace and holding the cones." Plaintiff recorded that when he ascertained the situation involving defendant's road maintenance crew he decided to pass the whole operation by driving in the northbound lane of State Route 605. Plaintiff recalled, "I accelerated to approximately 35 MPH to pass the two cars and the road crew that was on foot (and) [a]s I passed the road crew the worker that was setting the

cones down looked directly at me and threw one into the northbound lane which I was passing in." Plaintiff maintained that he decided to drive over the cone that was allegedly thrown into the northbound lane of State Route 605. Plaintiff advised he made this decision in the interest of safety for himself, the ODOT crew, and other motorists on the roadway at the time. Plaintiff noted that when he drove over the cone it became lodged in the undercarriage of his car although he did observe "plastic body parts in the distance" as he looked in his rearview mirror upon passing ODOT's moving work operation. Plaintiff did not stop his vehicle after passing the ODOT work crew but continued traveling south on State Route 605. Plaintiff related the cone dislodged from the undercarriage of his car when the car "hit the expansion joint of the bridge on Route-605 that passes over Route-161" estimated to be approximately one mile from the site where the Jaguar first struck the cone. Plaintiff stated "I later retrieved the cone for evidence and to clean the roadway of its hazard." Attached to the complaint were multiple photographs of the traffic control cone. These photographs depict a cone that appears almost entirely intact bearing some gouge marks. Plaintiff contended all damage to his automobile (photographs of damage submitted) was caused by the described act of an ODOT employee. In his complaint, plaintiff requested damage recovery in the amount of $2,500.00, the statutory maximum amount allowed under R.C. 2743.10. The filing fee was paid.

{¶ 2} Defendant acknowledged ODOT personnel from the Westerville Garage were positioning traffic control on State Route 605 in Franklin County on the morning of May 19, 2010. Defendant explained the traffic control was in place "for the boring crew out of (ODOT) Central Office to get core samples of the dirt around the bridges" on State Route 605 at milepost 3.11. Defendant asserted the traffic control operation was conducted in accordance with standard procedure, which included "posting signs of the work ahead, setting out cones every 500' and using a flagger." Conversely, plaintiff contended he observed no advisory signs posted or any flagger directing traffic preceding his described damage occurrence. Defendant specifically denied any ODOT personnel breached any duty of care owed to plaintiff which resulted in the property damage claimed. Defendant insisted all traffic control was in place on State Route 605 at the time of plaintiff's damage occurrence. Defendant suggested plaintiff's own negligent driving maneuver was the proximate cause of the damage claimed.

{¶ 3} Defendant submitted two e-mails from ODOT Transportation Manager, David S. Shackleford, Westerville Outpost, regarding his impression of the May 19, 2010 property damage event. Shackleford explained ODOT crews were setting up traffic control on State Route 605 on that date and "had traffic stopped in both directions while setting cones." Shackleford noted, "[b]efore traffic was opened back up a driver went through our work zone, at a high rate of speed, and hit a cone." Shackleford further noted that as the motorist hit the cone "he drove toward the (ODOT) employees, causing them to run to the ditch to get out of the way." According to Shackleford, all ODOT crew members working traffic control on May 19, 2010 denied throwing any traffic control cones at the approaching vehicle. The ODOT traffic control crew members were identified as Frank Griffith and Tom Erdy. Defendant did not provide any statements from either Griffith or Erdy or the drilling crew from the ODOT central office who were on site at the time of the incident forming the basis of this claim. Apparently, Shackleford was not on the scene and did not witness the May 19, 2010 damage occurrence. In a second e-mail, Shackleford related, "[w]e did have signs set (on State Route 605) to let traffic know that one lane was closed." According to Shackleford, the placement of these advisory signs "is the first thing we do;" followed by setting cones and then turning "strobes on so that we could be seen." Shackleford recalled he went to the job site on State Route 605 after being informed of the incident and was told by the traffic control crew that flaggers with flagger paddles were on scene to control traffic while cones were set to divide lanes.

{¶ 4} Plaintiff filed a response disputing all contentions offered by defendant. Initially, plaintiff reasserted he did not observe any posted advisory signs ("Work Ahead") on State Route 605 on the morning of May 19, 2010. Plaintiff acknowledged he did observe the ODOT traffic control placing cones on the roadway and made the decision to pass the traffic control operation by driving in the northbound lane of State Route 605. Plaintiff related he "felt it was safe to pass them (the ODOT crew) at a speed much less than the posted speed limit." Additionally, plaintiff acknowledged he did observe ODOT personnel in a truck and on foot at the time he made the decision to pass the operation with an ODOT employee "right of center in the south-bound lane, walking and dropping cones approximately on the center line." Plaintiff specifically denied he forced any ODOT personnel to run into a ditch adjacent to the roadway when

he maneuvered around the traffic control operation. Plaintiff insisted an ODOT employee was "looking right at me and (pitched) a cone in front of my vehicle," rather than "running for cover." Plaintiff asserted that if his car struck a cone that had been dropped on the roadway center line, then he "would have had to veer towards the cone and strike the pick-up truck to accomplish this task." Plaintiff observed the damage to his car was on the "front center" of the vehicle. The trier of fact finds the damage depicted in the submitted photographs appears to cover the lower front of the car from the extreme right front to the center. Plaintiff did not offer any explanation concerning his decision to drive away after his vehicle struck the cone rather than stopping at the scene immediately after impact.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} Additionally, defendant has a duty to exercise reasonable care in conducting its roadside maintenance activities to protect personal property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transportation* (1992), 91-07526-AD. When engaged in such activities, defendant's personnel must operate equipment in a safe manner. *State Farm Mutual Automobile Ins. Company v.*

*Department of Transportation* (1998), 97-11011-AD.

{¶ 8} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. This court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's description of the damage incident to be persuasive. Furthermore, whether or not advisory signs or flaggers were at the scene at the time of the incident is irrelevant considering plaintiff acknowledged he perceived the traffic control operation in progress at the time he made his decision to pass the operation.

{¶ 9} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 10} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained properly and plaintiff had full knowledge of the operation. Plaintiff failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 11} It appears that the cause of the property damage was the negligent driving of plaintiff. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129; *Adams v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-08659-AD, 2010-Ohio-2035; *Young v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-01484-

AD, 2010-Ohio-4220.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KURT J. VAN DYKE

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-09248-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kurt J. Van Dyke
1216 Ross Road
Sunbury, Ohio  43074

RDK/laa
11/18
Filed 1/11/11
Sent to S.C. reporter 3/4/11

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223